IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


4 SUNS RANCH, LLC,

      Plaintiff,

v.                                      Civil Action No. 5:12CV110
                                                      (STAMP)

BUCKEYE OIL PRODUCING COMPANY,
BAKERWELL INC.,
BANDS INC.,
DAVID R. HILL INC.,
M & J OIL COMPANY,
NATIONAL MINERALS CORP.,
PRECISION GEOPHYSICAL,
JR SMAIL INC.,
CHESAPEAKE APPALACHIA, LLC,
CHK UTICA, L.L.C.,
P. NATHAN BOWLES, JR. and
DEUTSCHE BANK TRUST COMPANY AMERICAS,

      Defendants.


**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THIS COURT
DENYING MOTION TO REMAND,
DENYING MOTION FOR RECONSIDERATION,
AND GRANTING MOTION TO DISMISS P. NATHAN BOWLES, JR.
AND DEUTSCHE BANK TRUST COMPANY AMERICAS**


I.  Background

The plaintiff, 4 Suns Ranch, LLC ("4 Suns"), filed the above-styled civil action in the Circuit Court of Hancock County, West Virginia, against defendants Buckeye Oil Producing Company ("Buckeye") and Chesapeake Appalachia, LLC ("Chesapeake") alleging claims arising from an oil and gas lease related to real property owned by the plaintiff. The plaintiff asserts that the defendants, their successors and assigns, failed to develop the plaintiff's oil

and gas in good faith and with reasonable diligence by taking no action to further develop and market the oil and gas since drilling a poorly producing vertical well in 2006. The plaintiff asserts that due to the defendants' inaction, the defendants breached the implied covenants to further explore and develop. The plaintiff asserts that such covenants apply to every oil and gas lease in West Virginia.

The defendants removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The case thereafter, proceeded through discovery. Prior to the amended discovery deadline expiring, the plaintiff filed a motion for leave to file an amended complaint to add additional parties that it believed may have an interest in the well associated with the oil and gas lease. The defendants responded by stating that they did not object to this Court granting the plaintiff's motion. Thus, this Court granted the plaintiff's motion as unopposed, entered a revised scheduling order, and denied the pending summary judgment motions without prejudice to refiling in accordance with the revised scheduling order.

Again, discovery proceeded and the plaintiff filed a second motion to amend the complaint to add additional parties. The plaintiff asserted that it had learned of additional parties who may have an interest in the oil and gas lease. Specifically, the plaintiff asserted that it learned that Chesapeake had previously

assigned the lease to CHK Utica, LLC ("CHK Utica") and that it had discovered a deed of trust between CHK Utica, as mortgagor, P. Nathan Bowles, Jr. ("Bowles"), as trustee, and Deutsche Bank Trust Company Americas ("DBTCA"), as mortgagee. Such deed of trust purported to place the lease in trust as collateral for a loan of $5 million dollars. The plaintiff did not inform this Court in its motion to amend that the addition of Bowles would divest this Court of subject matter jurisdiction.[1] This Court awaited a response from the defendants, but this Court did not receive any such response. Accordingly, this Court, believing that such motion was unopposed, granted the plaintiff's motion to amend the complaint.

The plaintiff then filed its second amended complaint and promptly filed a motion to remand this action to state court, asserting that this Court no longer has subject matter jurisdiction over the case due to the plaintiff and Bowles both being citizens of West Virginia. The plaintiff also asserts that Bowles is an indispensable party, which this Court cannot now dismiss. The defendants responded in opposition arguing that this Court should deny the motion to remand and dismiss Bowles, as the factors to be evaluated weigh in favor of such a ruling. The plaintiff disagrees and argues that Bowles is necessary and indispensable, and further

---

[1]This Court notes that Bowles's citizenship was listed on the amended complaint attached to the motion to amend, but was never discussed in the motion itself.

that the other factors to be evaluated also weigh in favor of denying the dismissal of Bowles and remanding this action.

The defendants then filed a motion for reconsideration, arguing that this Court should reconsider its order granting the plaintiff's motion to amend the complaint. The defendants state that they, in good faith, believed that the parties had reached an agreement on how to proceed concerning the additional parties. The defendants allege that they believed such agreement would obviate the issues raised in the second amended complaint and as such believed it was unnecessary to file opposition. The plaintiff responded in opposition to such motion, arguing that the defendants have failed to establish grounds for reconsideration and reconsideration would be futile, as the additional parties remain necessary and indispensable.

The defendants next filed a motion to dismiss, requesting that this Court dismiss all claims against Bowles and DBTCA. In support of the motion, the defendants assert that the plaintiff has failed to state a claim against both DBTCA and Bowles, because they are not necessary or indispensable parties, the claim for slander of title is not facially plausible, and any plausible claim against Bowles or DBTCA has been rendered moot. The plaintiff responded in opposition, arguing first that this Court lacks jurisdiction to decide defendants' motion to dismiss and in the alternative, the

plaintiff has adequately pled its claims against both DBTCA and
Bowles.

All of the above mentioned motions are fully briefed and ripe
for review. This memorandum opinion and order confirms, in more
detail, the rulings provided to the parties in this Court's letter
dated February 28, 2014. Accordingly, for the reasons set forth
below, this Court denies the plaintiff's motion to remand, grants
the defendants' motion to dismiss, and denies the defendants'
motion for reconsideration.

## II. <u>Applicable Law</u>

### A. <u>Motion to Remand</u>

A defendant may remove a case from state court to federal
court in instances where the federal court is able to exercise
original jurisdiction over the matter. 28 U.S.C. § 1441. Federal
courts have original jurisdiction over primarily two types of
cases: (1) those involving federal questions under 28 U.S.C.
§ 1331, and (2) those involving citizens of different states where
the amount in controversy exceeds $75,000.00, exclusive of
interests and costs pursuant to 28 U.S.C. § 1332(a). The party
seeking removal bears the burden of establishing federal
jurisdiction. <u>See</u> <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>,
29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly
construed, and if federal jurisdiction is doubtful, the federal
court must remand. <u>Id.</u>

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. See Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

B.    Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v.

<u>Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed

factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

C.   <u>Motion for Reconsideration Under Rule 54(b)</u>

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  A district judge has discretion to reconsider and modify its interlocutory judgments at any time prior to final judgment when warranted.  <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514–15 (4th Cir. 2003).  Such decisions, however, are not subject to the strict standards applicable to motions for reconsideration of a final judgment, because the district courts retain the power to reconsider and modify its interlocutory judgments.  <u>Id.</u>  What is of importance, is that the courts "reach the correct judgment under law[,]" keeping in mind "concerns of finality and judicial economy."  <u>Id.</u> at 515.

## III.   <u>Discussion</u>

A.   <u>Motion to Remand</u>

The plaintiff argues that this Court must remand this matter to state court, because diversity was destroyed when this Court

granted the plaintiff's motion to amend its complaint. The plaintiff asserts that both it and defendant Bowles are citizens of West Virginia. The defendants do not deny that Bowles is a West Virginia citizen, but instead urge this Court to assess whether joinder of Bowles was appropriate under 28 U.S.C. § 1447(e) and the decision of the United States Court of Appeals for the Fourth Circuit in <u>Mayes v. Rapoport</u>, 198 F.3d 457 (4th Cir. 1999).

Section 1447(e) provides as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The determination as to whether to permit the joinder of a non-diverse defendant "is committed to the sound discretion of the district court . . . and is not controlled by a Rule 19 analysis." <u>Mayes</u>, 198 F.3d at 462. In making such determination, the Court should consider <u>all</u> relevant factors, including: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether the plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." <u>Gum v. General Elec. Co.</u>, 5 F. Supp. 2d 412, 414 (S.D. W. Va. 1998). Further, while the fraudulent joinder doctrine does not directly apply after removal, as courts already have jurisdiction, "if the defendants can carry the heavy burden of

proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a non-diverse defendant." Mayes, 198 F.3d at 463. "If, as here, a district court did not conduct this analysis at the time it permitted a plaintiff to join a non-diverse defendant, it may retroactively do so under these standards." Ronald Lane, Inc. v. Antero Resources Appalachian Corp., No. 1:10CV137, 2011 WL 3102116, at *6 (N.D. W. Va. July 25, 2011) (citing Mayes, 198 F.3d at 462 and Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 761-62 (7th Cir. 2009)).

As this Court did not conduct the above analysis pursuant to § 1447(e) prior to granting the motion to amend the complaint, this Court must now conduct such analysis. Id. As to the first factor, concerning whether the purpose of the amendment is to defeat federal jurisdiction, the defendants argue that based on the facts, there is no possible relief that the plaintiff could presently seek from Bowles. The defendants state that Bowles has no interest, rights, responsibilities or obligations pursuant to the lease, because the lease is no longer subject to the deed of trust. The plaintiff, however, argues that it did not join Bowles simply to defeat jurisdiction. Instead, the plaintiff argues that it joined Bowles because it could not clear title to its property and obtain complete relief unless all parties who claimed an interest in the lease were parties to the lawsuit.

Upon a review of the evidence, which includes affidavits from the parties' counsel and emails between counsel concerning the amendment to the complaint and the potential non-judicial resolution of such issues, this Court finds that it cannot say with certainty that Bowles was added with the sole purpose of defeating diversity. It does appear that the defendants notified the plaintiff that they were working to have the lease released from the deed of trust, of which Bowles was the trustee. Further, it is obvious that conversations did take place concerning whether the motion to amend was actually avoidable prior to it being filed and concerning its possible withdrawal after the plaintiff did file it. Finally, it is clear from the document entitled "Partial Release of Deed of Trust and Open End Mortgage" that the lease is no longer subject to such deed of trust. <u>See</u> ECF No. 101 Ex. 1. This Court, however, is not convinced that such evidence provides enough support for a finding that the plaintiff's purpose in seeking to add Bowles as a defendant was only to defeat this Court's jurisdiction.

As to the second factor, concerning whether the plaintiff was dilatory in seeking an amendment, this Court finds that it was not. The defendants argue that joinder of a defendant at this late stage is belated and undercuts the principles of judicial economy and efficiency. While this may be a late stage in the litigation, dilatory is defined as "[t]ending to cause delay or to gain time or

to put off a decision." Black Law Dictionary 522 (9th ed. 2009).
There is nothing in the facts that would cause this Court to
believe that the plaintiff's actions were intended to cause delay.
Instead, it seems that the plaintiff did not discover Bowles's
possible interest prior to September 26, 2013, after which it
promptly filed the motion to amend on October 11, 2013.
Accordingly, this Court finds that such actions were not dilatory
in nature.

The third factor concerns whether the plaintiff will be
injured as a result of not allowing the joinder of the non-diverse
party. The defendants argue that the plaintiff will not be injured
at all if Bowles is not permitted to be joined as a defendant.
They assert that all of the relief the plaintiff seeks can be
sought from the diverse defendants that actually have a present
interest in the lease and further, all the relief against Bowles
has been mooted. The plaintiff asserts that it will be prejudiced,
as it will have to litigate its claims in two different courts at
once. The plaintiff argues that not all the relief sought has been
mooted, as the defendants failed to take into account plaintiff's
claim for slander of title. In defendants' motion to dismiss
Bowles and DBTCA, the defendants respond to plaintiff's allegation
concerning the slander of title claim and state that the plaintiff
cannot seek relief for its slander of title claim because such
claim is not facially plausible.

After reviewing the pleadings, this Court agrees with the defendants that the plaintiff would not in fact be prejudiced by disallowing the amendment of the complaint to add Bowles as a defendant. First, the plaintiff does not contest the defendants' assertions concerning the fact that its claims against Bowles, other than the slander of title claim, are now moot due to the release of the lease from the deed of trust. The only instance of the plaintiff contesting such assertion is in its response to the defendants' motion for reconsideration, which was filed three days before the release was executed. See ECF Nos. 97 and 101 Ex. 1. Accordingly, as to those claims to which the release moots the requested relief, this Court finds that the plaintiff is certainly not prejudiced by the non-joinder of Bowles.[2] Further, the plaintiff's claim for slander of title is not facially plausible and as indicated below, is dismissed pursuant to the defendants' motion to dismiss. Accordingly, if all claims against Bowles are either moot or subject to dismissal, it is not possible to find that the plaintiff will be prejudiced by the non-joinder of Bowles.

As the whether or not Bowles was fraudulently joined, the defendants argue that Bowles was fraudulently joined, as there is no possibility that the plaintiff would be able to establish a

---

[2]These claims are those seeking the declaration that the deed of trust is void or invalid as to the lease, a declaration to declare that the power of sale held by Bowles as trustee be voided, and a declaration that Bowles be enjoined from foreclosing on the lease.

cause of action against Bowles in state court.  In the alternative, the defendants argue that even if this Court were to disregard the release of the lease, Bowles is a nominal party that is being joined as a designated performer of a ministerial act, and his citizenship should be disregarded for purposes of ruling on the motion to remand.  In response, the plaintiff states that the defendants have not carried their burden of showing that Bowles was fraudulently joined, nor have they shown that Bowles is a nominal party.

In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), a party must demonstrate that the action is between "citizens of different States."  The Supreme Court of the United States has further established that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.  Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460-61 (1980).

The United States Court of Appeals for the Fourth Circuit has not provided a clear standard for determining who constitutes a "nominal party" for removal purposes.  <u>Creed v. Virginia</u>, 596 F. Supp. 2d 930 (E.D. Va. 2009).  District courts within this Circuit, therefore, have devised various tests.  <u>See</u> <u>Allen v. Monsanto Co.</u>, 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005) (deciding whether a

party is nominal turns on whether there is any "legal possibility for predicting" that the party could be held liable); <u>Mayes v. Moore</u>, 367 F. Supp. 2d 919, 922 (M.D.N.C. 2005) (holding that the test for determining whether party is nominal is "whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff"); <u>Owens v. Overstreet</u>, 2010 WL 4721709, *3–4 (S.D. W. Va. Nov. 15, 2010) (describing nominal parties as those without "a real interest in the litigation" or a "substantial stake in the outcome of the case"). Combining such tests, this district has stated that the defendants are required to establish that "(1) [the non-diverse defendant] does not have a real interest in this litigation, (2) [the plaintiff] does not have a possible claim against [the non-diverse defendant], and (3) entry of a final judgment in the absence of [the non-diverse defendant] would be equitable." <u>Heller v. TriEnergy, Inc.</u>, 877 F. Supp. 414, 424 (N.D. W. Va. 2012).

All of the above three factors apply to Bowles in this matter. As illustrated by the release, Bowles can no longer be said to have an interest in the lease as the trustee of the deed of trust, because the lease is no longer subject to such deed of trust. The plaintiff does not contest this. Accordingly, Bowles no longer has an interest in whether or not this Court determines that such lease is void. Further, as stated above, and more clearly explained

below, the plaintiff does not have a claim against Bowles for slander of title, as based on the plaintiff's amended complaint, such claim is not facially plausible. Thus, because the plaintiff has no possible claim against Bowles based on the amended complaint, and because Bowles no longer has any type of interest in the lease at issue in this matter, it would be more than equitable to enter a judgment in Bowles's absence.

Accordingly, after taking all of the above factors into account, this Court finds that Bowles, the non-diverse defendant, should be dismissed from this action. This Court notes, however, that it is not making a finding that Bowles was fraudulently joined because at the time of his joinder, it appears that he did, as trustee, have an interest in this action. See Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) ("To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993))). Taking all other factors into account, however, specifically the fact that plaintiff will not be prejudiced by the non-joinder of Bowles and that Bowles is a nominal party to this action, this Court finds that Bowles should not have been joined as a party. Pursuant to Rule 21 of the

Federal Rules of Civil Procedure, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party[,]" this Court dismisses Bowles from this action. Thus, this Court maintains subject-matter jurisdiction over this matter, as all remaining parties are diverse for purposes of § 1332(a)(1).

B.   <u>Motion to Dismiss</u>

As the motion to remand is denied and this Court's subject matter jurisdiction is not longer in question, this Court must now address the defendants' motion to dismiss DBTCA and Bowles. First, this Court notes that based on the above findings, Bowles is no longer a defendant to this action. This Court, however, will still address this motion as to both DBTCA and Bowles to illustrate that the plaintiff has no possible claim against Bowles in accordance with the above findings.

The defendants argue that Bowles and DBTCA should be dismissed because they are not necessary and indispensable parties, plaintiff's claim for slander of title is not facially plausible and all other claims have been rendered moot due to the lease being released from the deed of trust. The plaintiff, in response argued that this Court lacks jurisdiction to decide the defendants' motion to dismiss, and in the alternative, the plaintiff has adequately pled its claims against the defendant. This Court will address the claims against DBTCA and Bowles in two categories, one being those

for slander of title, and the second being those seeking declaratory relief concerning Bowles's and DBTCA's rights as to the lease.

1. <u>Slander of Title</u>

Under West Virginia law, to state a claim for slander of title a claimant must show the "(1) publication of (2) a false statement (3) derogatory to plaintiff's title (4) with malice (5) causing special damages (6) as a result of diminished value in the eyes of third parties." Syl. Pt. 3, <u>TXO Production Corp. v. Alliance Resources Corp.</u>, 419 S.E.2d 870 (1992). The defendants attempt to argue that CHK Utica had legal title to the rights associated with the lease when it was mortgaged, and thus no false or derogatory statement was published. This Court, however, finds it inappropriate at this time to delve into the issue of whether CHK Utica had rights to the lease that it could convey through the mortgage.

This Court does, however, find that the plaintiff has not stated a facially plausible claim for slander of title, due to an insufficient pleading of malice. Malice requires "an intent to injure through the publication of false or misleading defamatory statements known by the publisher or its agents to be false, or an intent to injure through publication of such defamatory statements with reckless and willful disregard for their truth." <u>Sprouse v. Clay Communication, Inc.</u>, 211 S.E.2d 674, 681-82 (W. Va. 1975).

18

The plaintiff failed to plead any facts tending to show that either Bowles or DTBCA intended to injure the plaintiff through recording the deed of trust. The plaintiff only states that the defendants' conduct in recording a deed of trust that they allegedly knew was false "constitutes a reckless disregard of the truth or falsity of the published statements" and the recording was "malicious, willful, wanton, and intentional slander upon the plaintiffs' [sic] title to its property." ECF No. 92 *19. These statements are merely conclusory and do not tend to show that either defendant subject to the motion to dismiss acted with an intent to injure the plaintiff. Further, no other facts are pled that would allow this Court to find that the plaintiff's claim for slander of title is plausible, as such claim lacks a showing of malice.

   2.   <u>Declaratory Relief</u>

   The plaintiff's remaining claims against Bowles and DBTCA are for declaratory relief. Specifically, the plaintiff seeks the declaration that the deed of trust is void or invalid as to the lease, a declaration to declare that the power of sale held by Bowles as trustee be voided, and a declaration that Bowles be enjoined from foreclosing on the lease. The defendants argue that such claims are now moot because the lease was released from the deed of trust. After the release was executed, the plaintiff has not since argued that such claims are not moot.

"To qualify as a case fit for Federal-Court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the Complaint is filed." <u>Friedman's Inc. v. Dunlap</u>, 290 F.3d 191, 197 (4th Cir. 2002) (citing <u>Arizonians for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997)). A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." <u>Church of Scientology of California v. United States</u>, 506 U.S. 9, 12 (1992) (quoting <u>Mills v. Green</u>, 159 U.S. 651, 653 (1895)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (quoting <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980)). For instance, a claim becomes moot when "the claimant receives the relief he or she sought to obtain through the claim." <u>Friedman's Inc. v. Dunlap</u>, 290 F.3d 191, 197 (4th Cir. 2002).

In this case, pursuant to the release, the lease is no longer subject to the deed of trust and Bowles, as trustee, and DBTCA, as mortgagee, have no interest in the lease. Accordingly, a declaration that the deed of trust is void as to the lease would not provide any cognizable relief that has not previously been provided by the release. Further, Bowles has no power of sale right or right to foreclose on the lease because the lease is no

longer part of the deed of trust for which Bowles acts as trustee. A declaration that any such rights are void or that he be enjoined from exercising such rights is unnecessary, as the plaintiff received such relief when the lease was released from the deed of trust.

C.  Motion for Reconsideration

In support of their motion for reconsideration, the defendants argue that they believed they had an agreement with the plaintiff concerning the motion to amend, and that a stipulation was to be entered, which would render the motion to amend moot.  It appears after reviewing the exhibits attached to the defendants' motion for reconsideration, that the parties were in negotiations concerning the motion to amend.  In the exhibits, which are correspondence between the parties, the defendants state that CHK Utica would agree to be bound by any judgment entered by this Court and that the lease would be released from the deed of trust, negating the need to add Bowles and DBTCA as parties.  The plaintiff, in response, argues that the parties never reached a final agreement concerning the motion to amend, the defendants have not established grounds for reconsideration, and even so, reconsideration would be futile, because CHK Utica, Bowles, and DBTCA all remain necessary and indispensable parties.  In response to whether the additional defendants are necessary and indispensable, the defendants only

assert an argument that Bowles is not an necessary and indispensable party.

First, this Court notes that as to Bowles and DBTCA, this motion is moot. This Court has previously determined above, that Bowles should not have been joined as a defendant, and that the plaintiff failed to state a claim against both Bowles and DBTCA. Accordingly, this motion is denied as moot as to Bowles and DBTCA.

As to the remaining additional defendant, CHK Utica, the parties do not seem to dispute that CHK Utica has an interest in the lease at issue. After reviewing the parties' correspondence, this Court finds that there was no final agreement concerning a stipulation as to CHK Utica. Accordingly, it was the defendants' responsibility to respond in a timely manner to the plaintiff's motion to amend, if it believed such response was proper. Further, the defendants have not provided this Court with a valid argument concerning the reconsideration of CHK Utica's joinder, other than that the defendants "believed" they had an agreement with the plaintiff. After reviewing the record, this Court does not believe that the defendants could have a valid argument for the non-joinder of CHK Utica. Based on CHK Utica's interest in the lease, this Court finds that it is a proper defendant to this action, and the joinder of CHK Utica was proper. Thus, this Court must deny the defendants' motion for reconsideration as to CHK Utica.

IV.   Conclusion

For the reasons stated above, plaintiff's motion to remand (ECF No. 93) is DENIED, defendants' motion to dismiss (ECF No. 106) is GRANTED, defendants' motion for reconsideration as to Bowles and DBTCA (ECF No. 96) is DENIED AS MOOT, and defendants' motion for reconsideration (ECF No. 96) as to CHK Utica is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   March 17, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE